Filed 10/30/13  P. v. Maldonado CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT GARY MALDONADO,<br><br>    Defendant and Appellant. | A137721<br><br>(Del Norte County<br>Super. Ct. No. CRF129079) |

Appellant, Robert Gary Maldonado, appeals from a judgment revoking probation (on the basis of appellant's admission he violated probation) and executing a previously imposed and stayed state prison sentence.  His court-appointed counsel has filed a brief raising no issues and requesting this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On May 14, 2013, this court granted appellant's request to file a supplemental brief on his own behalf raising any issues he believes the court should consider.  On June 20, 2013, we issued an order directing appointed counsel to provide appellant the complete record on appeal and granted appellant an extension of 60 days within which to file his supplemental brief.  By letter dated June 25, 2013, defense counsel, Terrence McQuigg, confirmed that he mailed the reporter's and clerk's transcripts to appellant at the new address he provided: California Men's Colony West, P.O. Box 8101, San Luis Obispo, CA 93409-8101.

1

On January 21, 2013, the trial court granted appellant's request for a certificate of probable cause. Accordingly, this appeal is authorized by Penal Code section 1237.5[1] and rule 8.304 of the California Rules of Court.

## FACTS AND PROCEEDINGS BELOW

### *The Underlying Felony Offense*[2]

On January 30, 2012, appellant was cohabiting in a mobile home at 1235 Northcrest Drive, No. 5, in Crescent City with his girlfriend, Shannon Grimes. Around 1:00 p.m. that day he phoned the Del Norte Sherriff's Office to report a burglary of the mobile home. When Deputy Donaldson arrived, appellant told him Grimes had broken into the home. The deputy, who had been informed that appellant was the suspect in a domestic violence case at the mobile home, told appellant he detected a strong smell of alcohol coming from him. Appellant stated he had drunk two "24 ounce Tilts" about two hours earlier. After Deputy Griffin arrived at the scene, Donaldson went to another address at which he had been informed Grimes was located.

When he arrived, Donaldson noticed redness on Grimes neck. Grimes explained she had been in the mobile home on Northcrest, where she lived with appellant, talking with a friend, Baldwin, when appellant suddenly arrived home intoxicated and punched her in the arm for no apparent reason. He then began yelling at her, knocked her down and got on top of her, and placed her in a "choke hold." After Baldwin pushed him off her, Grimes was able to leave the trailer. Appellant ran after her, and when he caught her put her in a choke hold a second time. When a witness, Patricia Lewis, shouted that she was going to call the police, appellant let Grimes go and left. Donaldson corroborated this information with Baldwin and Lewis and then returned to the mobile home, where appellant had been detained.

Appellant denied the altercation Grimes had described. According to him, Grimes broke into the mobile home to steal $825 that belonged to him because they were

---

[1] All statutory references are to the Penal Code unless otherwise indicated.
[2] Our description of the facts of this offense are taken from the Presentence Investigation Report filed with the court by the probation officer on August 1, 2012.

supposed to split the rent and she was behind on her half.  After appellant said Grimes was a co-lessee of the mobile home, Donaldson told him she therefore could not illegally break into her own home, and appellant could not lock her out without commencing an eviction process.  Donaldson then arrested appellant and transported him to the Del Norte County Jail, where he was booked.

Appellant subsequently pled guilty to corporal injury to a spouse or cohabitant (§ 273.5) and admitted three special allegations of prior prison terms (§ 667.5, subd. (b)), with the understanding he would receive a grant of probation with specified conditions. Execution of sentence was suspended, with an indication of a state prison term of seven years, appellant was placed on three years' formal probation, with the requirement that he complete a one-year "Batterer's Intervention Program," submit to drug testing on demand, totally refrain from alcohol and marijuana, and receive an assessment for alcohol and drug treatment.

### The Violation of Probation

On the night of September 11, 2012, Cash Hasley's bike was stolen from his Crescent City apartment house. The next day appellant told Hasley he knew who stole the bike and he could buy it back for $60.  At about 3:00 p.m. that afternoon, while Hasley was being interviewed about the burglary and theft by Gill, appellant called Hasley to discuss the sale of the bike and Hasley put Gill on the phone.  After Gill identified himself, appellant agreed to meet him forthwith in the nearby Home Depot parking lot. Accompanied by Grimes, appellant showed up at the parking lot with the bike, which he said he obtained from the thief after a fight. However, appellant then changed his story, claiming he had purchased the bike, and presenting Gill with a "bill of sale" (a "ripped-up piece of paper," with "scribbly writing on it") indicating he had paid $60 for it.

Appellant called Vaughn Barker as a witness at the preliminary hearing.  Barker, who had several prior criminal offenses, including one for falsely identifying himself to a peace officer, stated that he was present at about 2:20 p.m. on September 12 when Craig Burgess—a friend he had met while they were both in the "tank" at the Del Norte County Jail—showed up behind the Shop Mart store in Crescent City with a blue Schwinn

3

mountain bike and asked appellant if he wanted to buy it for "60 bucks." He did and, after Burgess scribbled something on a piece of paper which could have been a bill of sale, appellant left with the bike.

On November 7, 2012, appellant admitted to violating the terms and conditions of his probation, not only by committing the crime of receiving stolen property (§ 496) but also by testing positive for methamphetamine, alcohol, and morphine. The terms of the prosecution offer were to allow appellant to admit to the first probation violation petition and dismiss the new case. Appellant would be sentenced, pursuant to the recommendation of the probation department on the underlying case, and the new case would be dismissed.

A sentencing hearing was scheduled and continued several times at appellant's requests. The sentencing hearing was eventually held on December 13, 2012.

### *The Report of the Probation Department*

The probation report commences with a description of appellant's "extensive and violent" criminal history, which dates back to 1983. The report states that appellant "has received four grants of probation, yet he has never completed a single grant of probation successfully. In fact it was the defendant's habitual noncompliance with his previous grants of probation, which included the commission of new crimes while on probation, that resulted in the defendant serving multiple prison commitments throughout the last 29 years. The defendant's performance on parole was equally lackluster as he committed nine parole violations that included the commission of new crimes while on parole, which resulted in the defendant being sent back to prison multiple times to finish his prison terms."

The report also stated that since being last placed on probation on August 2, 2012, appellant "has continually used alcohol, methamphetamine, marijuana, and morphine, has been terminated from the Batterer's Intervention Program, has failed to complete any community work service, and has ultimately failed [to] fulfill his obligations to the Court and probation department." According to the report, appellant's failure to demonstrate any serious effort to achieve sobriety is shown by the fact that "every single test he has

4

provided the Probation department has been positive for drugs and/or alcohol, as well as the fact that he stopped going [to] AA meetings after only one week of participation."

Concluding appellant "has repeatedly demonstrated through his actions, and behavior, that he is a career criminal who has no interest in achieving sobriety, successfully completing his grant of probation, or becoming a productive member of society," the probation department recommended "that no further leniency be granted to this defendant, and that his previously suspended sentence now be imposed."

### *The Sentencing Hearing*

At the commencement of the hearing, defense counsel advised the court that "my client has expressed some concern over his admission to the charge of a 496. It's his understanding that a gentleman by the name of Craig Burgess had written a confession letter to the underlying crime. [¶] I have tried to track that letter down through Mr. Burgess's counsels. Both of them, Mr. Leroy Davies, Mr. McElfresh, have indicated to me that there is no such letter."

Defense counsel also advised the court that appellant "would like to withdraw his plea, and he also would like new counsel." Appellant's request for new counsel appears to have been based on his contention that his present attorney, Karen Olson, had previously prosecuted him for an offense charged in 2006. The requests to withdraw the plea and be assigned new counsel had been the subject of hearings held after admission of the plea and before the sentencing hearing, at which time they were denied. The court declined appellant's request to reopen those issues.

Appellant was sentenced to state prison for four years for violation of section 273.5, willful infliction of corporal injury on a spouse or cohabitant, and three separate one-year enhancements pursuant to section 667.5, subdivision (b), to be served consecutively, for a total sentence of seven years.

**DISCUSSION**

Where, as here, an appellant has pled guilty or no contest to an offense, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895–896.)

The supplemental brief filed by appellant in propria persona on August 22, 2013, focuses on his claim that his defense counsel had a "conflict of interest" due to the fact that she prosecuted him six years earlier, in 2006, when she was a district attorney. This issue was seemingly raised for the first time at the sentencing hearing, about a month after appellant had admitted the probation violation, at which time he was represented by Olson. The trial court declined to grant appellant's requests to withdraw his plea and for the appointment of new counsel. Such refusal was amply supported by the absence of a genuine conflict of interest, appellant's delay in raising the issue, and because, even indulging the erroneous assumption that there were a genuine conflict, it could not have been prejudicial due to the overwhelming evidence of the admitted probation violation. The ruling is not arguably erroneous.

Nothing in the record indicates appellant was mentally incompetent to stand trial or to understand the admonitions he received from the court prior to entering his plea, and to thereupon enter a knowing and voluntary plea.

The admonitions given appellant at the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his waiver was knowing and voluntary.

The court is satisfied that the police report referred to by defense counsel at the time he stipulated there was a factual basis for the plea exists.

Appellant was at all times represented by competent counsel who protected his rights and interests.

The sentence imposed is authorized by law.

Our independent review has revealed no arguable issues that require further briefing.

6

## DISPOSITION

The judgment of conviction, which includes the sentence imposed, is affirmed.

_____

Kline, P.J.


We concur:


_____

Haerle, P.J.


_____

Brick, J.*


* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8